IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
JUN 2 8 2001
Michael N. Milby, Clerk

| | | |
|---|---|---|
| UNDERWRITERS INSURANCE COMPANY, | § § § | |
| Plaintiff | § § | H-01-2161 |
| VS. | § § | C. A. NO. H-_____ In Admiralty Rule 9(h) |
| KANDI SUE, INC. AND BUSTER HARRIS, Defendants | § § § | B-01-186 |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Underwriters Insurance Company seeking declaratory relief as stated below and will show as follows:

I.

Underwriters Insurance Company is a California corporation with its principal place of business in Culver City, California.

II.

Kandi Sue, Inc. is a Texas corporation. The registered agent for service of process of Kandi Sue, Inc. is Mr. Buster Harris, 912 North Indiana, Brownsville, Texas 78521.

III.

Mr. Buster Harris is the President of Kandi Sue, Inc., and he is a citizen and resident of Texas.

IV.

The F/V ENSOLIDO is a fishing vessel owned and operated by Kandi Sue, Inc. and Buster Harris.



V.

This Court has admiralty jurisdiction over the present controversy, as will be shown below, because it concerns a dispute over the interpretation of a marine insurance policy applicable to a documented fishing vessel operating on the high seas. Thus, there is jurisdiction in the Court pursuant to 28 U.S.C. § 1333. Venue is proper in this District because the incident occurred, in part, offshore this District, and also in this District. Alternatively, the Court has diversity jurisdiction because the matter in controversy between the Plaintiff and Defendants exceeds the sum or value of $75,000.00.

VI.

This Court has power to grant declaratory relief in the present matter because there exists a controversy between the parties concerning the meaning and proper interpretation of the policy of insurance. 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

VII.

On or about the 9th January 2001, the F/V ENSOLIDO was underway in the United States Gulf of Mexico offshore Texas at which time the vessel began to flood. The vessel was towed to shore, de-watered, and eventually repaired. In the course of the repair, it was discovered that the source of the flooding was one or more corrosion holes through the vessel's hull that developed over the course of many years.

At the time of the voyage during which the flooding occurred, the vessel ostensibly was covered by an insurance policy no. MHZ006220D1 issued by Underwriters Insurance Company. This policy had a term of 4th August 2000 through 4th August 2001 and covered hull and other risks.

VIII.

Mr. Buster Harris and Kandi Sue, Inc., through their representative, have asserted that the flooding of the ENSOLIDO occurred:

> ... due to crew negligence in first falling [sic] to correct the excessively leaking propellor shaft stuffing box, secondly in failing to pump out the fish hold at regular intervals to prevent it from becoming awash, and thirdly from failure to store coils of rope line. The Assured maintains that the leaking stuffing box caused the fish holds to become awash and a coil rope line became entangled in the propellor shaft near the coupling creating a ball of rope on the shaft which abraded the vessel's hull and entangled trawl door which pushed into the shaft and struck the bottom of the vessel. All of this created a hole in the bottom, thereby causing the flooding and necessitating the subsequent salvage and repairs.

Based on the evidence collected, Plaintiff does not agree that the flooding occurred due to these reasons. Plaintiff therefore has denied that Buster Harris and Kandi Sue, Inc. claim under the insurance policy resulting from the flooding.

IX.

The ongoing, unrepaired corrosion in the vessel's hull that led to the sinking caused the vessel ENSOLIDO to be unseaworthy on 4th August 2000, and at the time the voyage commenced during which the above-referenced flooding incident occurred.

X.

Under the terms of the policy and the controlling jurisprudence, the vessel's unseaworthiness rendered the policy void from the outset. Thus, the claim for flooding damage asserted by Kandi Sue, Inc. and Mr. Buster Harris resulting from the incident above-referenced is properly denied as there was no covering insurance for this vessel due to its unseaworthiness.

Plaintiff seeks a declaration that there was no insurance coverage on the vessel ENSOLIDO from the outset due to the vessel's initial and continuing unseaworthiness.

XI.

Furthermore, in the alternative, if there was insurance coverage from the outset, plaintiff seeks a judicial declaration that there was no insurance coverage for the loss that occurred to the vessel ENSOLIDO on the voyage above-referenced because the vessel was unseaworthy at the commencement of the voyage during which the flooding occurred.

XII.

Plaintiff also seeks attorney fees and costs of court attendant on and resulting from its filing of the instant declaratory judgment action and seeking relief herein.

Respectfully submitted,

By: /s/ Mark Cohen
Mark Cohen
State Bar No. 04508395
Federal Bar No. 2807
The Niels Esperson Building
808 Travis, Suite 808
Houston, Texas 77002
Telephone: (713) 224-0628
Facsimile: (713) 224-7487

Attorney for Plaintiff
Underwriters Insurance Company

OF COUNSEL:

COHEN, GORMAN & PUTNAM, L.L.P.

01002/original.complaint 062701