IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
AUG 1 7 2001
Michael N. Milby, Clerk

| | | |
|---|---|---|
| UNDERWRITERS INSURANCE COMPANY, | § § § | |
| Plaintiff | § § | B-01-186 |
| VS. | § § § | C.A. No. H-01-2161<br>In Admiralty<br>Rule 9(h) |
| KANDI SUE, INC. AND BUSTER HARRIS, | § § | |
| Defendant | § | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

Defendants Kandi Sue, Inc. and Buster Harris file this Motion to Transfer Plaintiff's suit as authorized by 28 U.S.C. § 1404(a).

#### A. Introduction

1. Underwriters Insurance Company is Plaintiff. Kandi Sue, Inc. and Buster Harris are Defendants.

2. Plaintiff sued Defendants for a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 statute in the Houston Division of the United States District Court for the Southern District of Texas.

3. Venue is inconvenient for the Defendants in the Houston Division and more convenient in the Brownsville Division of the United States District Court for the Southern District of Texas; therefore, the Court should transfer the suit to the Brownsville Division of the United States District Court for the Southern District of Texas located in Brownsville, Cameron County, Texas.

#### B. Argument

4. The Court may transfer a suit to any other district or division where it might have been brought for the convenience of the Defendants or its witnesses and in the interests of justice. 28 U.S.C. §1404(a).

5. The Court should grant Defendants' motion to transfer for the following reasons:

a) The present forum is inconvenient for the Defendants, and Plaintiff will not be inconvenienced by transfer. *Sorrels Steel Co. v. Great SW Corp.*, 651 F.Supp. 623, 629 (S.D. Miss. 1986).

b) A transfer to another district will be more convenient for the Defendants' material witnesses. 28 U.S.C. §1404(a); *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F.Supp. 712, 720 (E.D. N.Y. 1996).

Specifically, the following witnesses whose affidavits are attached to this motion, must be called by Defendants to testify at any trial of this case:

1) Buster Harris, individual defendant and president of Kandi Sue, Inc., who resides in Brownsville, Texas, and whose testimony will relate to facts and evidence establishing the seaworthy condition of the F/V *Ensolido* at the time the vessel was insured by Plaintiff and the due diligence of Defendants to make the vessel seaworthy thereafter, his opinion as to the cause of casualty on January 9, 2001, and the nature and extent of damage and cost of repairs to the vessel resulting from the casualty. In addition, Mr. Harris states that the identified master and crewmembers of the F/V *Ensolido* are located in Brownsville, Cameron County, Texas, as are a number of persons who were involved in the repair and maintenance of the vessel. None of these witnesses are currently employed by Defendants. Mr. Harris maintains that it is more convenient and less expensive to litigate this claim in the Brownsville Division rather than in the Houston Division. Another concern of Mr. Harris is his serious health condition and that of his spouse Vivian Harris, both of whom suffer with heart disease.

2) Morgan Gross, resident of Brownsville, Texas and president and general manager of Border Shipyards, Inc., whose

    testimony will relate to maintenance and repairs to the F/V *Ensolido* in late May 2000 before the F/V *Ensolido* was insured by Plaintiff and thereafter following the casualty of January 9, 2001; and the nature and extent of damage resulting from the casualty. Mr. Gross maintains that it would be more convenient to present his testimony and evidence, including the testimony of his yard's employees regarding the condition of the F/V *Ensolido*, in court at Brownsville, Texas rather than Houston.

  3) Carlton Reyes, marine surveyor, resident of Los Fresnos, Cameron County, Texas and having his business at Brownsville Shrimp Basin in Cameron County, Texas, who surveyed the condition of the F/V *Ensolido* before the vessel was insured by Plaintiff, and thereafter following the casualty of January 2001. Mr. Reyes will also offer his expert testimony regarding the cause of the casualty and the nature and extent of damage of the Vessel.

c) Practical considerations make the trial of this case more efficient and less expensive in the Brownsville Division of the United States District Court for the Southern District of Texas because the F/V *Ensolido*, which is the subject of the disputed insurance claim, is homeported at Brownsville, Texas, and is available for inspection by experts when necessary. Since it is approximately 400 miles from Brownsville to Houston, it would be greatly inconvenient and unduly expensive for Defendants to bring forth witnesses and attend any trial in Houston, Texas. The financial burden on Defendants to litigate this case is compounded by the current financial distress of Defendants resulting from the casualty to the F/V *Ensolido*, and the denial by Plaintiff of its substantial claim in excess of $75,000 for necessary repairs to the vessel and the indebtedness which has been incurred by Defendants in borrowing funds to repair the vessel.

### C. Conclusion

6.  The central issues in this marine insurance controversy are the seaworthiness of the F/V *Ensolido* at the time it was insured on August 14, 2000 and the due diligence of Defendants in maintaining the vessel in a seaworthy condition thereafter. All of the principal witnesses who can give testimony to resolve these issues reside in Brownsville, Cameron County, Texas, and Defendants submit that it would be greatly inconvenient and pose a financial hardship to them to litigate this case in Houston, Texas.

6.  Because Plaintiff filed suit in an inconvenient division of the United States District Court for the Southern District of Texas, as shown in the evidence attached hereto and the argument presented, the Court should transfer Plaintiff's suit to the Brownsville Division.

Respectfully submitted,

*/s/ Jack G. Carinhas, Jr.*
Jack G. Carinhas, Jr.
S.B. 03795000
Fed ID #1179
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Tel:   956/542-9161
Fax:   956/542-3651
Attorney-in-Charge

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing pleading was served on Mr. Mark Cohen, Cohen, Gorman & Putman, L.L.P., The Niels Eperson Building, 808 Travis Street, Suite 808, Houston, Texas 77002-5710, by Certified Mail, Return Receipt Requested, postage prepaid and properly addressed on this 16th day of August, 2001.

*/s/ Jack G. Carinhas, Jr.*
Jack G. Carinhas, Jr.