IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 0 2 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNDERWRITERS INSURANCE COMPANY, | § § § | |
| Plaintiff | § § | B-01-186 |
| VS. | § § § | C.A. No. H-01-2161<br>In Admiralty<br>Rule 9(h) |
| KANDI SUE, INC. AND BUSTER HARRIS, | § § § | |
| Defendant | § | |

**ORIGINAL**

### DEFENDANT KANDI SUE INC. and BUSTER HARRIS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TRANSFER

**May It Please the Court**:

Because of the severe economic impact with which Defendants are faced if venue of this case remains in the Houston Division of the Court, Defendants **Kandi Sue, Inc.** and **Buster Harris** are compelled to reply to Plaintiff's response to their motion to transfer which is predicated on the convenience of witnesses and the interests of justice pursuant to Section 1404(a) of Title 28, United States Code. This reply addresses the misleading attack by Plaintiff on the proof submitted by Defendants in support of their motion and the absence of any substantial basis for litigating this insurance controversy in the Houston Division as contrasted to the Brownsville Division, where Defendants and the key fact witnesses reside and where the F/V *Ensolido* is homeported, was insured and began and ended the voyage on which the casualty of January 9, 2001 occurred.

# I.

## Applicable Principles

1. Although a plaintiff's forum selection is to be given deference and the defendant has the burden of proof to show that a change of venue is proper, the trial court in exercising its discretion must consider all relevant factors in determining whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum. See 15 Wright, Miller & Cooper, §3847 and authorities collected in 2001 supplement; also Viacom Int'l, Inc. v. Melvin Simon Productions, 714 F.Supp. 858, 867 (DC NY 1991).

2. Probably, the most important factor in considering a §1404(a) motion to transfer is the convenience of witnesses, which includes consideration of having the live testimony of the witnesses who are within the subpoena power of the Court. 15 Wright, Miller & Cooper's § 3847, pp 415-418, also §3651, p. 420. However, the merit of a motion to transfer is not a battle of numbers, but rather the Court looks to the identity of key witnesses and what their testimony will show with respect to the central issues of the case. 15 Wright, Miller & Cooper, §3651, at 425.

3. Considerations relevant to determination of whether a moving party has made a clear showing which will justify change of venue include the place where operative facts occurred, convenience of parties, convenience of witnesses, relative ease of access to sources of proof and availability of process to compel attendance of unwilling witnesses, plaintiff's choice of forum, forum's familiarity with governing law, efficiency, and the interests of justice. Don King Productions, Inc. v. Douglas, 735 F.Supp. 522, 533 (DC NY 1990).

## II.

## Defendants' Evidence is Sufficient to
## Transfer Case to Brownsville Division

4. As previously noted, the central issues raised in Plaintiff's complaint for declaratory judgment is whether Defendants breached the policy warranty of seaworthiness at the inception of the policy on August 4, 2000, and whether Defendants failed to exercise due diligence thereafter (and at the commencement of the voyage in question) to maintain the vessel in seaworthy condition (Complaint, Paragraphs VIII, IX, X and IX), on the basis of which alleged policy breaches Plaintiff denied Defendants' claim for loss. No dispute exists as to issuance of the policy or the terms of the policy.

5. Defendants respectfully submit that the balance of relevant factors weigh in favor of transferring the case to the Brownsville Division for the following reasons, supported by the three affidavits tendered with their motion:

a) Defendant Kandi Sue, Inc. has its registered officer and only place of business in Brownsville;

b) Defendant Buster Harris and his spouse Vivian Harris reside in Brownsville and are key witnesses on the critical issues of this case relating to seaworthiness of the F/V *Ensolido*;

c) The policy was applied for, negotiated and delivered to Defendants at Brownsville through a Houston broker;

d) The F/V *Ensolido* is homeported in Brownsville, was built in Brownsville, was maintained and repaired in Brownsville, and the voyage in question began and ended at Brownsville;

e) The master and crew of the vessel whose live testimony is relevant as to the facts and circumstances of the occurrence in question,

were employed in Brownsville and are residents of the Brownsville area. The statements of the three crewmembers, Abel Bravo, Romel Benavides and Joseph Frederick Samuel, are attached to the Affidavit of Carlton Reyes (Exhibit C to Defendants' motion).

    f)     Carlton Reyes surveyed the F/V *Ensolido* before the casualty and twice after the casualty, as well as conducted an investigation of the circumstances of the casualty. Mr. Reyes is both a key fact witness and a potential expert who resides and operates his business in the Brownsville area.

    6.     By contrast, the only affidavit submitted by Plaintiff is that of the New York loss adjuster (Lorna V. Rosquites), who has no first-hand knowledge of the F/V *Ensolido*'s condition or the facts of the casualty beyond that provided to her by others. Any inconvenience to her in traveling to Brownsville to supervise the case or attend trial if she chooses to do so is outweighed by the critical need of Defendants to have the live testimony of its key witnesses residing in Brownsville.

    7.     As to the Houston insurance broker, their employees are not key witnesses with respect to the central issues presented, but if their testimony somehow becomes necessary, their depositions can be taken. As stated by Plaintiff, these witnesses acted on behalf of Defendants in obtaining the insurance policy and in submitting Defendants' claim to Plaintiff through its New York claims office.

    8.     Finally, Plaintiff identifies a Houston metallurgist and a Corpus Christi surveyor, both of whom are experts whose testimony can be taken by deposition if they are not available to testify live at trial.

## Conclusion

9. In the final analysis, the key witnesses who can give testimony on the operative facts to resolve the central issues relating to seaworthiness of the F/V *Ensolido* reside in Brownsville, and it is respectfully submitted that the balance of relevant factors in this case weigh heavily in favor of transferring this case to the Brownsville Division. Any slight inconvenience to Plaintiff and its claims adjuster is outweighed by the obvious prejudice and financial hardship which would be faced by Defendants in litigating its denied insurance claim in Houston.

For the reasons stated, Defendants pray that the Court exercise its discretion by ordering the transfer of this case to the Brownsville Division.

Respectfully submitted,

_____
Jack G. Carinhas, Jr.
S.B. 03795000
Fed ID #1179
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Telephone: 956/542-9161
Telefax: 956/542-3651
Attorney-in-Charge

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing pleading was served on Mr. Mark Cohen of Cohen, Gorman & Putman, L.L.P., The Niels Eperson Building, 808 Travis Street, Suite 808, Houston, Texas 77002-5710, by First Class Mail, postage prepaid and properly addressed on this 1st day of October, 2001.

_____
Jack G. Carinhas, Jr.