IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNDERWRITERS INSURANCE COMPANY, | § § § | B-01-186 |
| Plaintiff | § § | |
| VS. | § § | C.A. NO. H-01-2161<br>Admiralty - Rule 9(h) |
| KANDI SUE, INC. AND BUSTER HARRIS, | § § | |
| Defendants | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Telephone. October 8, 2001.

   Mark Cohen
   Cohen, Gorman & Putnam, L.L.P.
   The Niels Esperson Building
   808 Travis Street, Suite 808
   Houston, Texas 77002-5710

   Jack G. Carinhas, Jr.
   302 Kings Highway, Suite 109
   Brownsville, Texas 78521
   Telephone: (956) 542-9161
   Facsimile: (956) 542-3651

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   No related cases.

-2-

3. <u>Briefly</u> describe what this case is about.

This is a declaratory judgment action concerning a hull insurance claim resulting from the foundering of the vessel ENSOLIDO on or about January 9, 2000.

4. Specify the allegation of federal jurisdiction.

This Court has admiralty jurisdiction over the present controversy, because it concerns a dispute over the interpretation of a marine insurance policy applicable to a documented fishing vessel operating on the high seas. 28 U.S.C. § 1333. Alternatively, the Court has diversity jurisdiction because the matter in controversy between the Plaintiff and Defendants exceeds the sum or value of $75,000.00.

5. Name the parties who disagree and the reasons.

No disagreement.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

No additional parties needed.

7. List anticipated interventions.

An intervention may be filed by the Roberson Marine Services company on account of claimed unpaid towing charges, $19,156.00.

First National Bank, Brownsville, Texas. Mortgagee claim pursuant to breach of warranty endorsement to the underlying hull policy.

8. Describe class-action issues.

No class action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Initial disclosures will be made during the next 30 days following the Rule 16 Scheduling Conference.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       Rule 26(f)(1). No changes.
       Rule 26(f)(2). These issues will be determined in the contents of the plan below.
       Rule 26(f)(3). These issues will be determined in the contents of the plan below.
       Rule 26(f)(4). No special order is necessary at this time.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

       Plaintiff may send interrogatories to the Defendant and any Intervenor within 60 days of the Rule 16 Scheduling Conference, or their appearance in the action, whichever is later.

    C. When and to whom the defendant anticipates it may send interrogatories.

       Defendant may send interrogatories to the Plaintiff and any Intervenor within 90 days of the Rule 16 Scheduling Conference, whichever is later.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

       Plaintiff anticipates taking oral depositions of the parties and witnesses identified in the Defendant's and Intervenor's disclosures and answers to interrogatories.

    E. Of whom and by when the defendant anticipates taking oral depositions.

       Defendant anticipates taking oral depositions of the parties and witnesses identified in the Plaintiff's and Intervenor's disclosures and answers to interrogatories.

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

        Six months following Rule 16 Scheduling Conference and Defendant will designate responsive experts and provide their reports 30 days thereafter.

  G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Plaintiff intends deposing all designated testifying experts within eight months of Rule 16 Scheduling Conference.

  H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Defendant intends deposing all testifying experts within nine months of Rule 16 Scheduling Conference.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

        No disagreement so far.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

        Exchange of correspondence concerning claims and parties' positions.

13.    State the date the planned discovery can reasonably be completed.

        Ten months following Rule 16 Scheduling Conference.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

        The parties have discussed this and have not given up hope that there is a possibility of reaching an amicable disposition of the claim in due course.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties are still discussing the possibility of settlement and have pledged to continue their discussions after the disclosures are exchanged.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    The parties are willing to proceed to mediation once discovery is concluded or before that time if they think it would be helpful.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties cannot agree to trial before a magistrate judge at this time.

18. State whether a jury demand has been made and if it was made on time.

    The admiralty claim is under Rule 9(h) of the Federal Rules of Civil Procedure and no jury is allowed. To the extent counterclaims are asserted, the defendant may request a jury trial. Plaintiff does not agree that a jury would be permissible in that situation, unless the counterclaims are severed for separate handling.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties believe that it will take a minimum of 25 hours to present the evidence in this case and try the matter. They therefore estimate that as much as four days of trial might be needed if the matter is tried to the court.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Defendant's Motion to Transfer Venue for the convenience of parties and witnesses.

21. List other motions pending.

    No other motions are pending at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Nothing.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Disclosures of Interested Parties are being filed by the Defendant contemporaneously with this report. The Plaintiff's disclosures are on file.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

Mark Cohen
Texas State Bar 04508395
Cohen, Gorman & Putnam, L.L.P.
The Niels Esperson Building
808 Travis Street, Suite 808
Houston, Texas 77002-5710
Telephone: (713) 224-0628
Facsimile: (713) 224-7487
Counsel for Plaintiff

Jack G. Carinhas, Jr.
Texas State Bar No. 03795000
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Telephone: (956) 542-9161
Facsimile: (956) 542-3651
Counsel for Defendant

_____ 10/9/01
Counsel for Plaintiff(s)        Date

J.G. Carinhas, Jr. By Permission 10/9/01
_____
Counsel for Defendant(s) By Mark Cohen   Date

