UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNDERWRITERS INSURANCE COMPANY, | § § § | B-01-186 |
| Plaintiff | § § | |
| v. | § § | C.A. No. H-01-2161 Admiralty - Rule 9(h) |
| KANDI SUE, INC. AND BUSTER HARRIS, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER OF TRANSFER

Pending is Defendants' Motion to Transfer Venue pursuant to § 1404(a). (Document No. 3). After having considered the motion, response, reply, sur-reply, and applicable law, the Court concludes that Defendants' Motion to Transfer the action to the Brownsville Division of the United States District Court for the Southern District of Texas should be granted.

This is an action for a declaratory judgment that Plaintiff Underwriters Insurance Company ("Underwriters") is not liable under a marine insurance policy that it issued on Defendant's fishing vessel in 2000. Defendant Buster Harris ("Harris") owns and operates the fishing vessel ENSOLIDO, for which Underwriters issued the marine insurance policy. During the term of the insurance coverage, the ENSOLIDO flooded in the Gulf of Mexico offshore Texas. It was towed to shore, de-watered, and eventually repaired.

Harris submitted a claim to Underwriters for the vessel's damage, which Harris attributed to crew negligence.

Underwriters rejected the claim. It contends that the source of the flooding was one or more corrosion holes through the vessel's hull that developed over the course of many years. Underwriters asserts that the unrepaired corrosion in the ENSOLIDO's hull caused the vessel to be unseaworthy from the inception of the policy and at the time the flooding occurred. Thus, under the terms of the policy, the ENSOLIDO's unseaworthiness rendered the policy void from the outset.

Defendants request that this action be transferred to the Brownsville Division of the United States District Court for the Southern District of Texas pursuant to Title 28 U.S.C. § 1404(a). Section 1404(a) permits a district court to transfer an action to another division "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a) (2001). "The transfer of an action under § 1404 is committed to the sound discretion of the district court and is made for the purpose of preventing waste of time, energy and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 84 S. Ct. 805, 809 (1964); Stabler v. N.Y. Times Co., 569 F. Supp. 1131, 1137 (S.D. Tex. 1983).

In considering whether to grant a transfer under § 1404(a), a district court should consider factors such as those set forth in <u>Gulf Oil Corp. v. Gilbert</u>, 67 S. Ct. 839 (1947). These factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process, where necessary, over witnesses; (3) the cost of obtaining witnesses for attendance at trial; (4) the possibility of a view of the premises, if appropriate; (5) the enforceability of a judgment; (6) the relative advantages and obstacles to a fair trial; (7) administrative difficulties including congested dockets of the courts; (8) the measure of local interest of the controversy, and the imposition of jury duty on citizens residing in a community having no relation to the litigation; (9) the propriety of having the action tried in a forum "at home" with the state law governing the case; (10) the plaintiff's choice of forum; (11) the possibility that trial in the original forum will result in inconvenience, vexation, oppression, or harassment of the defendants; and (12) "all other practical problems that make trial of a case easy, expeditious, and inexpensive." <u>Gulf Oil</u>, 67 S. Ct. at 843.

A movant has the burden of establishing that the balance of convenience and justice weighs strongly in favor of transfer. <u>Coons v. Am. Horse Show Ass'n, Inc.</u>, 533 F. Supp. 398, 400 (S.D. Tex. 1982). However, a transfer should not be ordered if the result is merely to shift the necessary and natural inconvenience

of litigation from one party to another. <u>Gardipee v. Fisher Petroleum Helicopters, Inc.</u>, 49 F. Supp. 2d 925, 928 n.1 (E.D. Tex. 1999); <u>Cont'l Airlines, Inc. v. Am. Airlines, Inc.</u>, 805 F. Supp. 1392, 1396 n.10 (S.D. Tex. 1992).

Although usually accorded substantial weight, a plaintiff's choice of forum "will be forsaken when the location of the defendants and witnesses, evidence, and the locus of operative facts, all point to a venue other than that selected by the plaintiff." <u>Coons</u>, 533 F. Supp. at 400.

In the instant case, Defendants assert that all of their material witnesses, as well as the ENSOLIDO, are located in Brownsville, while only three of Underwriters's witnesses are located in Houston. Underwriters responds that the motion to transfer venue should be denied because of its key witnesses in Houston.

It appears uncontroverted that all of Defendants' material witnesses reside in or near Brownsville. These include Defendant Harris, owner of ENSOLIDO and president of Kandi Sue, Inc.; the master and all crew members of the ENSOLIDO; Morgan Gross, who inspected and conducted maintenance on the vessel both before and after the flooding; Gross's employees, who worked on the vessel both before and after the flooding; and Carlton Reyes, the marine surveyor who surveyed the condition of the vessel both before and after the flooding. Moreover, Defendant Kandi Sue's only place of

4

business is Brownsville. The insurance policy for the vessel was applied for, negotiated, and delivered to Defendants at Brownsville. Additionally, the vessel is home ported in Brownsville and the flooding of the vessel occurred offshore Brownsville.

Of the six witnesses Underwriters intends to call, two reside in Corpus Christi and one in New York. Its remaining three witnesses, who are located in Houston, are (i) Underwriters's expert witness, who performed a metallurgical analysis of the hole and steel plate; and (ii) and (iii) two employees of AON Risk Services of Texas, Inc., who processed the claim after the loss and will testify regarding denial of coverage. These Houston witnesses appear within the control of Underwriters and the burden upon Underwriters of obtaining their testimony in Brownsville appears far less than the burden upon Defendant of obtaining the testimony in Houston of the vessel's master, any significant crew members, maintenance and repair workers from the shipyard, and a marine surveyor, few if any of whom are under control of Defendant, and all of whom reside outside of the subpoena range in Houston.

On balance, and after taking into consideration all of the submissions, the Court finds that it is in the interest of justice, and the convenience of parties and witnesses, for this case to be transferred to the Brownsville Division. Although the undersigned judge rarely ever transfers a case to any of our Rio Grande Valley

5

divisions because of their extremely heavy dockets and unfilled judgeships, in this instance the facts giving rise to the dispute are so uniquely local to the Brownsville area, where so many potential witnesses are located, and are so attenuated to Houston, as to warrant the transfer of this case.[1] Accordingly, Defendants' Motion to Transfer Venue will be granted.

For the reasons stated above, it is ORDERED that Defendants' Motion to Transfer Venue (Document No. 3) is GRANTED. This case is transferred to the Brownsville Division for the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a).

The Clerk will mail a copy of this Order of Transfer to the Clerk of the United States District Court for the Southern District of Texas, Brownsville, Texas, and shall notify all parties and provide them with a true copy of this Order.

SIGNED in Houston, Texas, this 25TH day of October, 2001.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By _____
Deputy Clerk

---

[1] Because Plaintiff is seeking a declaration that the policy covering the ENSOLIDO was void from the outset due to the vessel's unseaworthiness, possible docket delay in the resolution of the pending action would presumably be more harmful to Defendants, who desire to recover the insurance proceeds. Defendants' counsel stated that Defendants are willing to bear that risk of delay in order to serve the convenience of the parties and witnesses.

6