

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| UNDERWRITERS INSURANCE COMPANY, | § § | |
| Plaintiff | § § | |
| VS. | § § | C.A. No. B-01-186 |
| | § | In Admiralty |
| KANDI SUE, INC. AND BUSTER HARRIS, | § § | Rule 9(h) |
| Defendant | § | |

FEB 11 2002

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

COME NOW, **Underwriters Insurance Company**, Plaintiff and **Kandi Sue, Inc.** and **Buster Harris**, Defendants, **First National Bank**, Intervenor, and **Roberson Maritime Services**, Intervenor, in the above referenced action, filing their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

    Circulation of plan by fax correspondence on January 22, 2002 followed by telephone communication.

    Mark Cohen
    Cohen, Gorman & Putnam, L.L.P.
    The Niels Esperson Building
    808 Travis Street, Suite 808
    Houston, Texas 77002-5710

    Jack G. Carinhas, Jr.
    Attorney at Law
    302 Kings Highway, Suite 109
    Brownsville, Texas 78521

Les Cassidy
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

No related cases. This case, however, was orginally filed in the Houston Division, (C.A. No. H-01-2161) and was transferred to the Brownsville Division.

3. <u>Briefly</u> describe what this case is about.

This is a declaratory judgment action concerning disputed coverage of a hull insurance claim resulting from the foundering on or about January 9, 2000 of the Shrimp Trawler ***Ensolido*** owned by Kandi Sue, Inc. and insured by Underwriters Insurance Company. Interventions were filed by First National Bank alleging a preferred mortgage on the vessel under a breach of warranty endorsement to the underlying policy, and by Roberson Marine Services, which allegedly rendered salvage and towing services to the vessel.

4. Specify the allegation of federal jurisdiction.

This Court has admiralty jurisdiction over the present controversy, because it concerns a dispute over the interpretation of a marine insurance policy applicable to a documented fishing vessel operating on the high seas. 28 U.S.C. §1333. Alternatively, the Court has diversity jurisdiction because the matter in controversy between the Plaintiff and Defendants exceeds the sum or value of $75,000.

5.  Name the parties who disagree and the reasons.

    No disagreement.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.
    No additional parties anticipated at this time.

7.  List anticipated interventions.

    No additional interventions anticipated at this time.

8.  Describe class-action issues.

    No class action issues.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Rule 26(a) Initial Disclosures will be made before the Rule 16 Scheduling Conference.

10. Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

        Rule 26(f)(1). No changes.

        Rule 26(f)(2). These issues will be determined in the contents of the Plan below.

        Rule 26(f)(3). These issues will be determined in the contents of the Plan below.

        Rule 26(f)(4). No special order is necessary at this time.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff may send interrogatories to the Defendant and any Intervenor within 60 days of the Rule 16 Scheduling Conference.

C. When and to whom the defendant anticipates it may send interrogatories.

Defendants may send interrogatories to the Plaintiff and any Intervenor within 90 days of the Rule 16 Scheduling Conference, whichever is later.

Intervenors may send interrogatories to the Plaintiff and Defendants within 90 days of the Rule 16 Scheduling Conference, whichever is later.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking oral depositions of the parties, identified witnesses, and other persons with knowledge of relevant facts prior to the close of discovery.

E. Of whom and by when the defendant anticipates taking oral depositions.

Defendants and Intervenors anticipate taking oral depositions of the parties, identified witnesses, and other persons with knowledge of relevant facts prior to the close of discovery.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

       Six months (August 21, 2002) following Rule 16 Scheduling Conference and Defendants and Intervenors will designate responsive experts and provide their reports 30 days thereafter (September 22, 2002).

G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

    Plaintiff intends deposing all designated testifying experts prior to the close of discovery.

H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

    Defendants and Intervenors intend deposing all testifying experts prior to the close of discovery.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    No disagreement so far.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    Exchange of correspondence concerning claims and parties' positions.

13. State the date the planned discovery can reasonably be completed.

    November 16, 2002.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties have discussed settlement and will continue to explore thepossibility of reaching an amicable disposition of the claims of Defendants and Intervenors.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Defendant has made a settlement demand to which Plaintiff has not responded. The parties agree to discuss the possibility of settlement after the Rule 16 Scheduling Conference.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    The parties are willing to consider mediation with a mutually acceptable mediator once sufficient discovery and information has been exchanged.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties cannot agree to trial before a magistrate judge at this time.

18. State whether a jury demand has been made and if it was made on time.

    The admiralty claim asserted by Plaintiff is under Rule 9(h) of the Federal Rules of Civil Procedure and no jury is allowed. To the extent counterclaims and intervening claims are asserted, the Defendants and Intervenors request a jury trial. Plaintiff does not agree that a jury trial is permissible.

19. Specify the number of hours it will take to present the evidence in this case.

    24 - 36 hours depending on whether all issues are tried to the Court or a jury.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None at this time.

21. List other motions pending.

    No other motions are pending at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    Nothing.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Disclosures of interested parties have been filed by all parties as follows:

    |  | Date filed |
    |---|---|
    | By Plaintiff | 02/11/02 (mailed) |
    | By Defendants | 01/22/02 (Amended) |
    | By Intervenor First National Bank | _____ |
    | By Intervenor Roberson Marine Services | _____ |

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

Mark Cohen
State Bar # 04508395
USDC No. 2807
Cohen, Gorman & Putnam, L.L.P.
The Niels Esperson Building
808 Travis Street, Suite 808
Houston, Texas 77002-5710
Telephone: 713/224-0628
Telefax: 713/224-7487
Counsel for Plaintiff,
   Underwriters Insurance Company

Jack G. Carinhas, Jr.
State Bar #03795000
USDC No. 1179
302 Kings Highway Ste 109
Brownsville, Texas 78521
Telephone: 956/542-9161
Telefax: 956/542-3651
Counsel for Defendants,
   Kandi Sue, Inc. and
   Buster Harris

Dennis Sanchez
State Bar #17569600
USDC No. 1594
Sanchez, Whittington, Janis
   & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521
Telephone: 956/546-3731
Telefax: 956/546-3766
Counsel for Intervenor,
   First National Bank

Les Cassidy
State Bar #03979270
USDC No. 5931
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, TX 78471
Telephone: 361/887-2965
Telefax: 361/887-6521
Counsel for Intervenor,
   Roberson Marine Services

_____              _____
Counsel for Plaintiff                                                     Date

*[signature]*
_____              2-11-02
Counsel for Defendants                                                    Date

*[signature]*
_____              2-11-02
Counsel for Intervenor, First National Bank                               Date

*[signature]*
_____              2-11-02
Counsel for Intervenor, Roberson Marine Services                          Date

_____    __2/11/02_____
Counsel for Plaintiff                 Date

_____    __2-11-02_____
Counsel for Defendants                Date

_____    _____
Counsel for Intervenor, First National Bank   Date

_____    _____
Counsel for Intervenor, Roberson Marine Services   Date