IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNDERWRITERS INSURANCE COMPANY, | § § § | |
| Plaintiff | § § | C.A. NO. B-01-CV-186 |
| VS. | § § | Admiralty - Rule 9(h) |
| KANDI SUE, INC. AND BUSTER HARRIS, | § § | |
| Defendants | § | |

### PLAINTIFF'S ANSWER TO COUNTERCLAIM OF KANDI SUE, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Underwriters Insurance Company, Plaintiff herein, and files its Answer to Defendants, Kandi Sue, Inc.'s counterclaim, and would respectfully show as follows:

### FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff would show that Defendant has failed to state a claim against Plaintiff upon which relief can be granted.

### SECOND DEFENSE

In reference to the specific allegations of Defendant, Plaintiff would show as follows:

**I.**

1.1. Plaintiff admits it is a California corporation based in Culver City.

1.2. Admitted, but only to the extent Kandi Sue, Inc. was listed as the owner of the vessel at the time of the foundering incident.

**II.**

2. Admitted, but only to the extent service may be accomplished by the present parties in this action via the undersigned counsel. Otherwise, this allegation is denied.

### III.

3. Plaintiff admits this Court has admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. 9(h). Otherwise, this allegation is denied for lack of sufficient information to form a belief as to its truth.

### IV.

4.1. Plaintiff denies these allegations for lack of sufficient information to form a belief as to their truth. Plaintiff admits, to its knowledge, Kandi Sue, Inc. was the only owner of the vessel at the time of the alleged foundering incident.

4.2. Plaintiff denies these allegations for lack of sufficient information to form a belief as to their truth. Plaintiff admits that there was a breach of warranty clause included with the policy for the vessel.

4.3. Plaintiff denies these allegations.

4.4. Plaintiff admits that on or about January 9, 2001 the F/V ENSOLIDO was underway in the Gulf of Mexico offshore Texas at which time the vessel experienced a flooding incident. Plaintiff admits that the vessel was somehow returned to shore, de-watered, and eventually repaired. However, Plaintiff denies the remaining allegations contained in paragraph 4.4. The remaining "contentions" of Defendant do not require a response from Plaintiff, but are otherwise denied.

4.5. Plaintiff admits that at the time of the incident in question during which the flooding occurred, the vessel was ostensibly covered by Policy No. MHZ006220D1, with the referenced insured and deductible amounts contained therein. Plaintiff admits that Defendant's claim for benefits under the policy was denied. The remaining allegations are denied for lack of sufficient information to form a belief as to their truth.

4.6. Plaintiff denies these allegations.

## V.

5.1. Plaintiff restates and incorporates its above admissions and denials to Defendant's allegations to the extent such are re-alleged and incorporated in paragraph 5.1 of Defendant's Counterclaim.

5.2. Plaintiff admits insurance Policy No. MHZ006220D1 was issued for the vessel. Plaintiff otherwise denies Defendant's allegations.

5.3. Plaintiff denies these allegations.

## VI.

6.1. Plaintiff restates and incorporates its above admissions and denials to Defendant's allegations to the extent such are has re-alleged and incorporated in paragraph 6.1 of Defendant's Counterclaim.

6.2. Plaintiff denies these allegations.

6.3. Plaintiff denies these allegations.

6.4. Plaintiff denies these allegations.

## VII.

7.1. Plaintiff restates and incorporates its above admissions and denials to Defendant's allegations to the extent such are re-alleged and incorporated in paragraph 7.1 of Defendant's Counterclaim.

7.2. Plaintiff denies these allegations.

7.3. Plaintiff denies these allegations.

7.4. Plaintiff denies these allegations.

7.5. Plaintiff denies these allegations.

7.6. Plaintiff would further show that Defendant has failed to comply with the notice of claim provisions and all conditions precedent to properly asserting a claim against Plaintiff under the Texas Deceptive Trade Practices Act. Therefore, Defendant's counterclaim should be abated sixty (60) days.

## VIII.

8.1. Plaintiff restates and incorporates its above admissions and denials to Defendant's allegations to the extent such are re-alleged and incorporated in paragraph 8.1 of Defendant's Counterclaim.

8.2. Plaintiff denies these allegations.

## IX.

9.1. Plaintiff restates and incorporates its above admissions and denials to Defendant's allegations to the extent such are re-alleged and incorporated in paragraph 9.1 of Defendant's Counterclaim.

9.2. Plaintiff denies these allegations.

9.3. Plaintiff denies these allegations.

## X.

10.1. Plaintiff restates and incorporates its above admissions and denials to Defendant's allegations to the extent such are re-alleged and incorporated in paragraph 10.1 of Defendant's counterclaim.

10.2. Plaintiff admits Defendant retained legal counsel, but otherwise denies Defendant is entitled to recover attorney's fees.

-5-

## THIRD DEFENSE

Further answering, Plaintiff would show that Defendant's counterclaim for breach of contract cannot be maintained for failure of consideration.

## FOURTH DEFENSE

Further answering, Plaintiff would show that Defendant, in seeking and obtaining insurance for the F/V ENSOLIDO, misrepresented and/or omitted providing Plaintiff accurate and truthful information concerning the seaworthiness and actual condition of the vessel, and that such misrepresentations were material and relied upon to Plaintiff's detriment.

## FIFTH DEFENSE

Further answering, Plaintiff would show that Defendant has failed to adequately and reasonably mitigate its damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Underwriters Insurance Company, prays that Defendant's counterclaims be dismissed with prejudice, and that Plaintiff have all and further relief to which it may be justly entitled to receive, including the award of attorney's fees and costs.

Respectfully submitted,

By: /s/ Mark Cohen
Mark Cohen
State Bar No. 04508395
Federal Bar No. 2807
The Niels Esperson Building
808 Travis, Suite 808
Houston, Texas 77002
Telephone: (713) 224-0628
Facsimile: (713) 224-7487
Attorney for Plaintiff and Counter-Defendant,
Underwriters Insurance Company

OF COUNSEL:

COHEN, GORMAN & PUTNAM, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was forwarded to the following counsel of record by facsimile and first class United States Mail on this **1st** day of **April**, 2002:

Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521
*Facsimile: (956) 542-3651*

Les Cassidy
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
*Facsimile: (361) 887-6521*

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521
*Facsimile: (956) 546-3766*

_____
OF COHEN, GORMAN & PUTNAM, L.L.P.

01002/Plaintiff.answer.032502

-6-