IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNDERWRITERS INSURANCE COMPANY, | § § § | |
| Plaintiff | § § | C.A. NO. B-01-CV-186 |
| VS. | § § | Admiralty - Rule 9(h) |
| KANDI SUE, INC. AND BUSTER HARRIS, Defendants | § § § | |

## PLAINTIFF'S ANSWER TO FIRST NATIONAL BANK'S COMPLAINT AND INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Underwriters Insurance Company, Plaintiff herein, and files its Answer to First National Bank's Complaint in Intervention, and respectfully would show as follows:

### FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff would show that Intervenor has failed to state a claim against Plaintiff upon which relief can be granted.

### SECOND DEFENSE

In reference to the specific allegations of Intervenor, Plaintiff would show as follows:

### I.

1.1  Plaintiff denies the allegations for lack of sufficient information to form a belief as to their truth.

1.2  Plaintiff admits its is a California corporation with its principal place of business in Culver City. Otherwise, it is denied. Plaintiff may be served in this action by the present parties through service upon the undersigned counsel.

1.3  Admitted.

1.4   Admitted to the extent that to Plaintiff's knowledge, Kandi Sue, Inc. was the owner of the F/V ENSOLIDO at the time of the alleged foundering incident.

1.5   Admitted.

## II.

2.1   Plaintiff admits that the Court has admiralty and maritime jurisdiction over this matter pursuant to Fed. R. Civ. P. 9(h). Otherwise, these allegations are denied.

## III.

3.1   Admitted.

3.2   Plaintiff admits that a policy was issued for the F/V ENSOLIDO, which contained a breach of warranty provision. However, Plaintiff was not provided a copy of Exhibit A as referenced in Intervenor's Complaint.

3.3   Plaintiff denies these allegations for lack of sufficient information to form a belief as to their truth.

3.4   Plaintiff denies these allegations for lack of sufficient information to form a belief as to their truth.

3.5   Plaintiff denies these allegations.

3.6   Plaintiff denies these allegations.

3.7   Plaintiff admits that a Claim and Proof of Loss was submitted by Intervenor. The remaining allegations by Intervenor do not require a response from Plaintiff, but are otherwise denied as phrased.

3.8   Plaintiff admits that a Claim and Proof of Loss was submitted by Intervenor. The remaining allegations by Intervenor did not require a response from Plaintiff, but are otherwise denied as phrased.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Underwriters Insurance Company, prays that Intervenor First National Bank's claims intervention be dismissed with prejudice, and that Plaintiff have all further relief to which it may be justly entitled to receive, including the award of attorney's fees and costs.

Respectfully submitted,

By: /s/ Mark Cohen
Mark Cohen
State Bar No. 04508395
Federal Bar No. 2807
The Niels Esperson Building
808 Travis, Suite 808
Houston, Texas 77002
Telephone: (713) 224-0628
Facsimile: (713) 224-7487
Attorney for Plaintiff and Counter-Defendant,
Underwriters Insurance Company

OF COUNSEL:

COHEN, GORMAN & PUTNAM, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was forwarded to the following counsel of record by facsimile and first class United States Mail on this __1st__ day of April, 2001:

Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521
*Facsimile: (956) 542-3651*

Les Cassidy
Woolsey & Cassidy, P.C.
1020 Bank of America
500 North Water Street
Corpus Christi, Texas 78471
*Facsimile: (361) 887-6521*

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521
*Facsimile: (956) 546-3766*

_____
OF COHEN, GORMAN & PUTNAM, L.L.P.

01002/Plaintiff.answer.First Bank.032502